United States District Court
Southern District of Texas
**ENTERED**
November 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECA ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-390 |
| | § | |
| KILOLO KIJAKAZI, | § | |
| *Commissioner of* | § | |
| *Social Security Administration*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Rebeca Zavala ("Plaintiff") filed this lawsuit against Defendant Kilolo Kijakazi ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (Dkt. No. 1.) Pending before the Court[1] are the parties' cross-motions for summary judgment. (Dkt. Nos. 11-12.) Based on the briefing, record, and relevant law, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 11), **GRANTS** Commissioner's Motion for Summary Judgment (Dkt. No. 12), and **DISMISSES** the action with prejudice.

### I.   BACKGROUND

On January 24, 2019, Plaintiff filed an application for disability insurance. (Dkt. No. 6-1 at 327-33.)[2] Plaintiff sought benefits beginning on January 12, 2018, for "rotator cuff both shoulder." (*Id.* at 57-58.) Plaintiff's claims were initially denied by the Social Security Administration on April 3, 2019, and again on reconsideration on April 18, 2019. (*Id.* at 67, 79.) On May 9, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (Dkt. No. 10.)
[2] The Administrative Record in this case can be found at Dkt. No. 6-1.

at 94.) ALJ Richard Gilbert held a hearing on June 9, 2021, where Plaintiff was represented by Counsel. (*Id.* at 33-56.) Plaintiff testified at the hearing. (*Id.* at 39-40.) John Reno, a vocational expert ("VE"), also testified. (*Id.* at 40-41.)

On June 24, 2021, the ALJ denied Plaintiff's application for benefits, finding Plaintiff not disabled after Step Four of the evaluation process because Plaintiff is capable of performing past relevant work.[3] (*Id.* at 25-26.) At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 12, 2018. (*Id.* at 19.) At Step Two, the ALJ found Plaintiff had the following severe impairments: right shoulder rotator cuff tear with tendinopathy, varicose veins, GERD, irritable bowel syndrome, polyarthralgias, hypertension, and peripheral edema. (*Id.*) At Step Three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (*Id.* at 19-20.) The ALJ found Plaintiff had the Residual Functional Capacity ("RFC") to perform light work, except she cannot work around unprotected heights, open flames, or dangerous and/or moving machinery; she should also avoid overhead reaching with the right upper extremity. (*Id.* at 20-25.) At Step Four, the ALJ found Plaintiff was capable of performing past relevant work as a sewing machine operator, therefore, she was not disabled. (*Id.* at 25-26.)

---

[3] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

Plaintiff appealed to the Appeals Council on June 30, 2021. (*Id.* at 319.) On January 3, 2022, the Appeals Council denied Plaintiff's request for review. (*Id.* at 6.) Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On February 7, 2022, Plaintiff filed this civil action under 42 U.S.C. § 405(g). (Dkt. No. 1.) Plaintiff argues the ALJ erred by failing to consider all of the evidence. (Dkt. No. 11.)

## II.     STANDARD OF REVIEW

The court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750

F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III.   DISCUSSION

Plaintiff asserts one point of error. Plaintiff contends that the ALJ failed to consider all of the evidence. (Dkt. No. 11 at 1.) Specifically, Plaintiff argues that the ALJ failed to fully consider her restricted range of motion in her right dominant shoulder, along with her severely limited ability to carry weight in her right dominant hand. (*Id.* at 6.) Conversely, Commissioner argues that the ALJ properly considered all of the evidence. (Dkt. No. 12 at 4-6; Dkt. No. 13 at 1.) The Court agrees with Commissioner.

"[T]he ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-CV-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). Courts routinely decline to find reversible error when the ALJ explicitly states they considered the entire record in the decision. *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record. To the contrary, his decision states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason

or evidence to dispute his assertion."); *Tyler v. Saul*, No. 19-CV-187, 2020 WL 4462527, at *4 (N.D. Tex. Aug. 4, 2020).

Here, the ALJ stated multiple times that he considered all the evidence in the record. Plaintiff points to evidence in the record that demonstrates her inability to perform light work with her shoulder. (Dkt. No. 11 at 7-13.) Specifically, Plaintiff points to a record from January 2018 that limited Plaintiff to sedentary work. (Dkt. No. 11 at 12-13.) However, the ALJ found the opinion unpersuasive because it was inconsistent with the record as a whole. (Dkt. No. 6-1 at 23.) The ALJ also reviewed Plaintiff's subjective complaints and explained that her testimony was not "entirely consistent regarding the severity of her symptoms and their effect on her ability to perform work related activities." (*Id.* at 21.) Further, the ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In order to identify these inconsistencies, the ALJ considered the medical evidence, Plaintiff's subjective complaints and activities, and the opinion evidence. (*Id.* at 20-25.)

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The question before the Court is whether substantial evidence supports the ALJ's findings. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). Here, the amount of evidence supporting the ALJ's decision is far "more than a mere scintilla." *Hardman*, 820 F.3d at 147. Accordingly, the Court recommends that substantial evidence supports the ALJ's decision.

## IV.  CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 11), **GRANTS** Commissioner's Motion for Summary Judgment (Dkt. No. 12), and **DISMISSES** the action with prejudice.

**SIGNED** in Houston, Texas on November 21, 2023.

                                                Sam S. Sheldon
                                                United States Magistrate Judge